# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THERESA MARIE BARBERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-03171-CV-S-DPR |
| | ) | |
| TLC PROPERTY MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Theresa Barbero's Application for Leave to File Action Without Payment of Fees. (Doc. 1.) Upon review, Ms. Barbero will be directed to file an amended complaint within 21 days.

"The opportunity to proceed *in forma pauperis* is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991). The court uses a two-step process to determine whether a plaintiff should be granted leave to proceed without payment of fees. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decide whether the plaintiff qualifies by economic status. *Id*. Local Rule 83.7(c) provides that that payment of the initial filing fee should not "cause [the applicant] to give up the basic necessities of life." Second, if the plaintiff qualifies by economic status, the court must assess whether the action should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted, or for seeking relief against an immune party. *Martin-Trigona*, 691 F.2d at 857; *see also* 28 U.S.C. § 1915(e)(2)(B).

Based on her Affidavit of Financial Status (doc. 1-1), the Court finds that Ms. Barbero is unable to pay the fees or costs of this action. Therefore, she qualifies by economic status.

However, the Court finds that the proposed Complaint (doc. 1-2) does not state a claim on which relief may be granted. Rule 8(a) of the Federal Rules of Civil Procedure sets forth the

requirements to state a claim for relief. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As a preliminary matter, it is unclear what person or company Ms. Barbero is trying to sue, as there are at least three different Defendants named in her filings. The caption of the Complaint (doc. 1-2 at 1) names "TLC Property Management, LLC" as the Defendant. But, in the body of the Complaint (doc. 1-2 at 2) and on the Civil Cover Sheet (doc. 1-3), Sam Coryell is the only Defendant listed. To confuse matters further, on page one of the Application for Leave to File Action Without Payment of Fees, Plaintiff lists "TLC Properties, LLC" as the Defendant. Therefore, Ms. Barbero will need to specifically identify the correct defendant(s) in her case and how each was involved in what happened.

Furthermore, the Court does not fully understand Ms. Barbero's claims for relief. She states the federal law at issue includes "Civil Rights Violations, Fair Housing Act Violations, Familial and Disability Discrimination, American Disabilities Act." (Doc. 1-2 at 3.) However, the Americans with Disabilities Act ("ADA"), prohibits discrimination in all areas of <u>public</u> life, including public accommodations, employment, transportation, state and local government services, and telecommunications. Here, Ms. Barbero's claims describe a private dispute about the timeliness of repairs and different rental charges at her apartment, and do not affect any of the areas of public life covered by the ADA. Therefore, based on the limited facts provided, the ADA does not provide a remedy, and she has failed to state a claim under the ADA.

The Fair Housing Act ("FHA") may provide a remedy for Ms. Barbero's claims, as it

2

prohibits discrimination in housing. Acts prohibited under the FHA include failing or delaying performance of maintenance or repairs and imposing different rental charges for the rental of a dwelling. However, a plaintiff must allege a basis for the discrimination, such as familial status or handicap. "Familial status" is defined as one or more persons under the age of 18 residing with a parent or legal custodian. Ms. Barbero has stated she has no dependents and lives alone. Therefore, she cannot claim familial status as a basis for the alleged discrimination. And, the FHA defines a handicap as a physical or mental impairment which substantially limits one or more major life activities. But, apart from claiming she has an emotional support dog, Ms. Barbero has not alleged what, if any, physical or mental impairment she has. As a result, because she has failed to explain how she is handicapped, she has failed to state a claim under the FHA. She will therefore need to amend her complaint to include facts supporting her allegation of discrimination based on a handicap under the FHA.

Accordingly, it is **ORDERED** that, within 21 days of the date of this Order, Ms. Barbero shall file an amended complaint correcting the deficiencies identified above. If she fails to file an amended complaint, or if the Court determines that the amended complaint still does not adequately state a claim or is otherwise deficient, this case will be transferred to a district judge for dismissal without further notice. The Clerk of Court is directed to send a copy of this Order via regular mail to Ms. Barbero at her last known address.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: June 6, 2019