# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THERESA MARIE BARBERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-03171-CV-S-DPR |
| | ) | |
| TLC PROPERTY MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Rescind Consent for Magistrate, filed on June 14, 2019. (Doc. 11.) Plaintiff has also filed an Objection to Defendant's Consent to Magistrate Assignment. (Doc. 14.) As follows, the relief requested will be denied.

**I. Motion to Rescind Consent for Magistrate (doc. 11)**

Plaintiff moves for a transfer of this case to another Magistrate Judge or Judge, asserting she "rescinds consent to this particular Magistrate Judge, David P. Rush." Plaintiff states that she "agrees to have her claim be heard by a Magistrate Judge that can be ethical, nonpartisan, unbiased and without a conflict of interest." In support, she argues the undersigned "ordered Plaintiff to prove her claim, before proceeding."

There is no absolute right to withdraw consent to proceed before a magistrate judge in a civil case once such consent is given. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.1993). Instead, 28 U.S.C. § 636(c)(4) provides that a party must show "extraordinary circumstances" to withdraw magistrate consent. *Id.*; *see also Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020–21 (5th Cir.1987); FED. R. CIV. P. 73(b)(3).

In this matter, Plaintiff signed and returned the consent form on or about May 20, 2019, expressly waiving the right to proceed before a United States District Judge and voluntarily

consenting to the exercise of jurisdiction by the undersigned. (Doc. 13.) Plaintiff does not deny that this consent was valid when made. Rather, it appears that she is unhappy that she was subsequently ordered to amend her complaint to adequately state a claim upon which relief can be granted. Adverse rulings against a party, however, do not constitute "extraordinary circumstances" for purposes of withdrawing consent under Section 636(c)(4). *See Mello v. Unum Corp.*, No. 4:13CV2543 NCC, 2014 WL 360610 at *1 (E.D. Mo. Feb. 3, 2014); *Reed v. City of Springfield, Missouri*, Case No. 05–3133–CV–S–SWH, 2006 WL 8435716 at *3 (W.D. Mo. May 11, 2006). As a result, Plaintiff has not presented any extraordinary circumstances as required to withdraw consent.

Plaintiff's motion also implies that she believes the undersigned has a bias or prejudice against her. To the extent Plaintiff is arguing the undersigned should recuse himself because of bias or prejudice, the Court will briefly address this issue. Plaintiff has presented no facts or reasons whatsoever for any belief that bias or prejudice exists, apart from the aforementioned adverse ruling. "An unfavorable judicial ruling, however, does not raise an inference of bias or require the trial judge's recusal." *Harris v. Missouri*, 960 F.2d 738, 740 (8th Cir. 1992). Accordingly, to the extent Plaintiff is seeking the undersigned's recusal, she has presented no basis for such a request.

Accordingly, the Motion to Rescind Consent for Magistrate will be denied.

**II. Objection to Defendant's Consent to Magistrate Assignment (doc. 14)**

Plaintiff has also filed a document titled "Objection to Defendant's Consent to Magistrate Assignment." She argues that Defendant's signed consent to magistrate jurisdiction is untimely because it was not filed before June 4, 2019. Thus, according to Plaintiff, Defendant's consent is "null and void." The Court construes Plaintiff's filing as a motion to strike Defendant's consent.

However, Defendant did not enter the case until June 7, 2019, when it filed a Waiver of Service of Summons. On June 11, 2019, the Clerk of Court sent notice of the magistrate assignment to Defendant via email, advising that a response was due by July 2, 2019.[1] Defendant's signed consent form was returned to the Clerk on or about June 13, 2019, then docketed on June 24, 2019, well in advance of the initial July 2, 2019 return date for Defendant.

As a result, Plaintiff's assertion that Defendant was required to consent by June 4, 2019, even though Defendant had neither been served with process nor entered the case voluntarily as of that date, is simply incorrect. Rather, Defendant's consent was due 21 days after the Clerk sent notice to it on June 11, 2019. And, as set forth above, Defendant returned the consent form within this initial 21-day period. Therefore, the Court finds no basis to strike Defendant's consent.

**III. Conclusion**

Based on the foregoing, Plaintiff's Motion to Rescind Consent for Magistrate is **DENIED**. Furthermore, Plaintiff's Objection to Defendant's Consent to Magistrate Assignment, construed as a motion to strike Defendant's consent, is **DENIED**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: July 2, 2019

---

[1] The Court notes that although the Notification of Magistrate Judge assignment form advises that the form should be returned within 21 days, this return date is not absolute and is routinely extended 1-2 times by the Clerk's office if necessary.