# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THERESA MARIE BARBERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-03171-CV-S-DPR |
| | ) | |
| TLC PROPERTY MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Transfer Venue. (Doc. 8.) Plaintiff moves the Court to transfer this action to the United States District Court for the Eastern District of Missouri (the "E.D."). As follows, the motion will be denied.

The applicable change of venue statute provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In this matter, Defendant has not consented to a transfer. Therefore, the Court must first determine whether this action could have been brought in the E.D. originally.

The general venue statute, 28 U.S.C. § 1391, provides that an action "may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, there is only one Defendant, TLC Property Management, LLC. However, Plaintiff has made no allegations as to this Defendant's residency. Accordingly, the Court is unable to determine whether this action could have been brought in the E.D. originally based on Defendant's residency.

Venue is also proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). However, the Court is unable to determine where any of the alleged events or omissions took place, as the complaint does not identify where "TLC Verandas apartments" is located. Thus, the Court cannot determine whether this action could have been brought in the E.D. originally based on the location of the events or omissions at issue.

Even if this action could have been brought in the E.D. originally, the Court would still have to decide whether transfer is appropriate "[f]or the convenience of parties and witnesses, [and] in the interest of justice." As for the first factor, "the convenience of parties and witnesses," Plaintiff alleges "defendant's lawyer is in St. Louis, Missouri as well as Plaintiff is local to St. Louis." The Court is not convinced that the E.D. is more convenient, as Plaintiff ignores the location of Defendant and any potential witnesses who would be required to appear at trial. Thus, the Court is unable to conclude that the convenience of the parties and witnesses weighs in favor of transfer.

As for the "interest of justice," Plaintiff appears to be arguing that the undersigned has a bias against her, claiming "she may not be treated fairly and or lacks confidence in the current control of Magistrate Judge Rush." Plaintiff cites the Court's previous order to amend the complaint to properly state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). However, "[a]n unfavorable judicial ruling, however, does not raise an inference of bias." *Harris v. Missouri*, 960 F.2d 738, 740 (8th Cir. 1992). Accordingly, the Court does not find that the interest of justice requires transfer.

Based on the foregoing, the Court is unable to determine whether this action could have been brought in the United States District Court for the Eastern District of Missouri originally.

Furthermore, even if the action could have been brought in the Eastern District of Missouri, neither the convenience of parties and witnesses nor the interest of justice weighs in favor of transfer. Accordingly, the motion to transfer venue is **DENIED**.

    **IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: July 10, 2019